UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT PEARSON,

                      Plaintiff,

-against-

SGT. GESSNER, et al.,

                      Defendants.

**ORDER**

22-CV-09278 (PMH)

PHILIP M. HALPERN, United States District Judge:

On August 28, 2025, the Court held a pre-motion conference on Plaintiff's application for leave to reopen the time to move for summary judgment (the "Conference"). (Doc. 123). Counsel for all parties appeared telephonically. For the reasons discussed at the conference, and as follows, the Court denies Plaintiff's application.

Discovery closed on January 9, 2024. (Doc. 29). Defendants failed to move for summary judgment or comply with this Court's Individual Practices within the time required by Rule 56 of the Federal Rules of Civil Procedure. Accordingly, Defendant's time to move for summary judgment expired on February 8, 2024. *See* Fed. R. Civ. P. 56(b).

On April 24, 2024, the Court granted Plaintiff's application for the appointment of *pro bono* counsel. (Doc. 70). Plaintiff's counsel appeared in this matter on April 29, 2025 (Doc. 108; Doc. 110). On May 1, 2025, the Court granted Plaintiff's request to reopen discovery for a limited period in light of Plaintiff's counsel's appearance in the case. (*See* May 1, 2025 Minute Entry). By Order dated June 24, 2025, the Court granted Plaintiff's subsequent application for an additional brief extension of time to complete discovery. (Doc. 119). Separately, upon Defendants' oral request made at the Court's June 24, 2025 conference, the Court allowed Defendants, by July 31, 2025, to file a letter requesting leave to reopen the summary judgment period. (*Id.*).

Upon receipt and review of the Parties' letters concerning summary judgment (Docs. 123 and 124), the Court held the Conference on August 28, 2025. For the reasons discussed at the Conference, the Court denied Defendants' application to reopen the summary judgment period. In particular, and as discussed more fully at the Conference, the parties' arguments in support of and opposition to Defendants' proposed motion reveal the existence of disputed issues of material fact that would not be appropriately resolved at this stage. In light of the foregoing, the fact that the time to move for summary judgment has long since passed, and the Court's Individual Practices Rule 4(E)(i) stating that the Court will not ordinarily have summary judgment practice in a non-jury case absent good cause, leave to reopen the summary judgment period to permit the proposed motion is denied.

Accordingly, as discussed, the Court directs the following:

1) Counsel shall, by **September 12, 2025**, meet and confer and comply with Rule 6(B)(ii) of this Court's Individual Practices— specifically, the Parties are directed to exchange their respective sections of the Proposed Findings of Fact and Conclusions of Law, incorporate responses as necessary, then file one complete document with the Court in compliance with Rule 6(B)(ii); and

2) As discussed, and as required by the Court's Individual Practices, counsel shall provide one courtesy hard copy to Chambers of their Rule 6(A), 6(B), 6(C), and 6(D) materials.

SO ORDERED.

Dated: White Plains, New York
       August 29, 2025

_____
PHILIP M. HALPERN
United States District Judge